NOT DESIGNATED FOR PUBLICATION

Nos. 129,352
129,353

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAWN MICHAEL TROWER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE YOUNG, judge. Submitted without oral argument. Opinion filed July 31, 2026. Affirmed.

*Sam Schirer*, of Capital Appeals and Conflicts Office, for appellant.

*Miranda R. Neal*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ISHERWOOD and HURST, JJ.

PER CURIAM: Shawn Michael Trower appeals the district court's revocation of his probation by arguing the court abused its discretion when it imposed Trower's full underlying sentences without modification. Trower has failed to show an abuse of discretion, and the district court is affirmed.

1

Pursuant to a plea agreement, Trower pled no contest to two felony drug possession charges stemming from two separate cases. In June 2023, at a single sentencing hearing, the district court sentenced Trower to15 months in prison with 12 months of postrelease supervision for each conviction, to be served consecutively. The court suspended the prison sentences and instead imposed an 18-month term of probation.

As part of his probation, the court ordered Trower to "complete an inpatient drug and alcohol treatment program." However, the court said that if there would be a delay in receiving inpatient treatment, "Community Corrections may be recommending that you get into an outpatient program until you can get into an inpatient." The court also ordered Trower to follow through on any related recommendations "because we don't want you arrested again because you fall back into your old ways."

Trower had difficulty complying with the terms and conditions of probation, and in December 2023 Trower stipulated to another probation violation, and the district court ordered Trower to serve another three-day jail sanction, and extended Trower's probation for a term of 18 months. In June 2024, Trower again stipulated to violating his probation and the district court ordered Trower to serve a three-day jail sanction and again extended Trower's probation for 18 months. The court also ordered that Trower undergo eligibility screening for drug court as part of his probation and that he "reside at the Rescue Mission or a sober living residence."

Less than a year later, in March 2025, Trower—for the third time—stipulated to violating his probation. Trower asked the district court to sanction him, and either reinstate his probation or impose a lesser sentence if it chose to revoke his probation. Defense counsel told the court Trower "struggles with addiction and housing stability."

The district court revoked Trower's probation after determining Trower was "not amenable for probation" based on his three violations. The court declined modification and ordered Trower to serve what remained of his underlying sentences.

Trower now appeals and the cases have been consolidated for this appeal.

DISCUSSION

On appeal, Trower does not allege the district court erred in revoking his probation. Instead, Trower's appeal relates to the district court's sentencing decision. Trower argues the district court abused its discretion by, after revoking his probation, not modifying his underlying sentence and instead ordering him to serve the entire remaining underlying sentences.

In response to Trower's appeal, the State raised the issue of mootness because it expected Trower to be released from custody in March 2026. After being notified that Trower was released from custody, this court ordered additional briefing regarding mootness. Trower responded by arguing that if he prevailed on this appeal, this matter would be remanded, giving the district court the opportunity to modify the term of postrelease supervision he is currently serving. The State did not respond. This court makes no determination regarding the issue of mootness and in the interest of judicial economy merely addresses the merits.

After the district court finds a defendant has violated the terms of their probation, the district court *may* revoke the offender's probation and impose the underlying or a lesser sentence. K.S.A. 22-3716(c)(1)(C); *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see also *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001). Upon revocation of probation, the district court exercises broad discretion to order the defendant to serve the underlying, or some lesser sentence. Therefore, the district court's

3

imposition of that sentence will not be disturbed on appeal absent a showing of an abuse of that discretion. *Tafolla*, 315 Kan. at 328.

A district court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable or based on an error of law or fact. See *State v. Peterson*, 321 Kan. 189, 193, 574 P.3d 400 (2025) (use of "'may'" indicates discretion); *Tafolla*, 315 Kan. at 328 (abuse of discretion standard); *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017) (imposing lesser sentence is discretionary). Trower bears the burden of showing the district court abused its discretion. *Tafolla*, 315 Kan. at 328.

Trower argues the district court's decision to impose his unmodified underlying sentences was unreasonable. He does not argue the decision was based on an error of law or fact, and this court finds none. Trower concedes the record supports the district court's finding that he was "not amenable to probation" but argues it does not support a finding that he "poses such a danger to society that he needs to be warehoused for two-and-a-half years." However, the district court made no such findings and merely imposed Trower's underlying sentence as permitted by law after finding Trower had repeatedly violated the terms of his probation.

The district court gave Trower multiple attempts to be successful on probation after Trower repeatedly violated its terms. In fact, after Trower's second violation hearing the district court ordered additional screening to see if he was appropriate for drug court in an effort to address Trower's underlying drug abuse issues. However, Trower again violated the terms of probation. After the third violation, the district court found Trower was not amenable to probation and, in accordance with its authority, revoked Trower's probation and imposed his entire underlying sentence. Under these circumstances of repeated violations, Trower has not persuaded this court that no reasonable person would agree with the district court's decision to deny Trower's request for a sentence modification under K.S.A. 22-3716(c)(1)(C) and instead impose the underlying sentence.

4

This court cannot say the district court's decision was arbitrary, fanciful, or unreasonable to constitute an abuse of discretion.

CONCLUSION

A review of the record reveals no abuse of discretion in the district court's decision to impose Trower's underlying sentences without modification following the revocation of Trower's probation.

Affirmed.